# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

(Bankr. Case No. 12-11499 ABC)

**AP No.  13-CV-00436 JLK**

In re:

**AIRIC BRAD MCPHERSON**
**RHONDA RENE MCPHERSON**

Appellants,

**v.**

**GREEN TREE SERVICING LLC**
Appellee.

---

### OPENING BRIEF OF APPELLANTS

---

APPELLANTS, Airic and Rhonda McPherson (Debtors below), by and through undersigned counsel, submit the following brief in support of their Appeal, pursuant to Fed. R. Bankr. P. 8010, this 16th day of April, 2013.

/s/ Amy D. Desai
Amy D. Desai
Attorneys for Debtors/Appellants
Bankruptcy Law Professionals
4610 S. Ulster St., Ste. 150
Denver, CO 80237
(720) 493-9733
Fx: (720) 493-0668
amy.desai@bklawpro.com

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF ISSUES AND STANDARD OF REVIEW . . . . . . . . . .   1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

# TABLE OF AUTHORITIES

**Statutes**

11 U.S.C. §506 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1-8

11 U.S.C. §1322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1-8

28 U.S.C. § 158(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**Rules of Procedure**

Fed. R. Bank. P. 3012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4-6

Fed. R. Bankr. P. 8001(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

**Cases**

*In re Adams,* 270 B.R. 263 (Bankr. N.D. Ill. 2001) . . . . . . . . . . . . . . . . .   5

*In re Holmes*, 225 B.R. 789 (Bankr. D. Colo. 1998) . . . . . . . . . . . . . . . .   1

*In re Lewis*, 875 F.2d 53 (3rd Cir. App. 1989) . . . . . . . . . . . . . . . . . . . . .   5

*In re Pierce*, 282 B.R. 26 (Bankr. D. Utah 2002) . . . . . . . . . . . . . . . . . . .   3

*In re Omey*, Case No. 10-25271 ABC (Bankr. D. Colo. 2011) . . . . . . . . .   5

*In re RFI Transport, Inc*., 122 B.R. 124 (D. Colo. 1990) . . . . . . . . . . . . .   1

*In re Rutt*, 457 B.R. 97 (Bankr. D. Colo. 2010) . . . . . . . . . . . . . . . . . . . .   5

*Zimmer v. PSB Lending Corp.*, 313 F.3d 1120 (2002) . . . . . . . . . . . . . . .   3

## I.  STATEMENT OF APPELLATE JURISDICTION

This court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals …from final judgments, orders and decrees." On November 13, 2012, the United States Bankruptcy Court for the District of Colorado, Judge A. Bruce Campbell, issued its Order Denying the Debtors'/Appellants' Motion to Determine Secured Status. On November 17, 2012, Debtors filed a Motion to Reconsider that Order.   On February 4, 2013, the United States Bankruptcy Court issued its Order Denying Motion to Reconsider.  On  February 14, 2013, the Debtors filed their Notice of Appeal of the final order and also the Notice of Election to have the District Court hear the appeal pursuant to 28 U.S.C. § 158(c)(1) and Fed. R. Bankr. P. 8001(e).

## II. STATEMENT OF ISSUE AND STANDARD OF APPELLATE REVIEW

### A. STATEMENT OF ISSUE

Whether the Bankruptcy Court erred in ruling that Appellants, as Debtors in a Chapter 13 bankruptcy, could not remove a wholly undersecured second mortgage pursuant to 11 U.S.C. § 506 and 1322(b), because the Motion to do such was filed after the order confirming the Chapter 13 Plan had entered.

### B. STANDARD OF APPELLATE REVIEW

The issue presented is a legal conclusion subject to *de novo* review. *In re RFI Transport, Inc*., 122 B.R. 124 (D. Colo. 1990).

### III.  STATEMENT OF THE CASE

On January 30, 2012, the Debtors filed a Petition for relief under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Colorado. Debtors submitted an Amended Chapter 13 Plan (hereinafter "the Plan")(docket #55), filed on July 13, 2012, which was served, with a Notice regarding objection deadlines, on all creditors (including Green Tree Servicing, LLC) (docket #56).  The Amended Plan was confirmed on August 16, 2012.   On , the first page of the Plan, Debtors listed the claim of Green Tree Servicing, LLC, with the collateral, Debtors'/Appellants' residence, 11902 E. Louisiana Ave., Aurora, CO 80012, as being subject to 11 U.S.C. § 506, and this treatment is listed again in Section IV (C)(1) of the Plan.

On September 29, 2012, Appellants filed a Motion to Determine Secured Status, asking the Court to "strip" the wholly undersecured second mortgage, pursuant to 11 U.S.C. §506 and §1328  (docket #64).  Notice of the Motion was given to Green Tree Servicing, LLC, pursuant to L.B.R. 9013 (docket #65).

On November 13, 2012, the Court denied Appellants' Motion (docket #69).

On November 17, 2012, Appellants filed a Motion to Reconsider (docket #71).

On February 4, 2013, the Court denied Appellants'/Debtors' Motion to Reconsider. (docket #75).

At no time did Appellee Green Tree Servicing, LLC, file an objection to Appellants' Plan, a Response to the Motion to Determine Secured Status, a Proof of Claim, or enter any other objection to Debtors' intention to remove the lien.

2

There is no dispute of fact regarding Appellants' allegation of the value of their residence as being less than the amount owed to the first mortgage, nor that the second mortgage held by Green Tree Servicing, LLC, is wholly undersecured.  There is also no dispute that Notice was properly given for the Plan and for the Motion to Determine Secured Status.

### IV.    ARGUMENT

The Bankruptcy Court erred in finding that the Appellants/Debtors could not utilize 11 U.S.C. §506 and §1322(b) because they filed their Motion to Determine Secured Status after confirmation of their Plan.

11 U.S.C. §506 and §1322(b) provide the mechanism whereby Debtors in a Chapter 13 bankruptcy may remove or "strip" a mortgage lien that is wholly undersecured.  This occurs where the fair market value of the residence at the time of the bankruptcy petition is less than the amount owed to the superior lien(s) at that time.  *See Zimmer v. PSB Lending Corp.*, 313 F.3d 1120 (2002) and *In Re Pierce*, 282 B.R. 26 (D. Utah 2002), (holding that the prohibition against modification of creditors rights does not protect a junior lien holder whose claim is wholly unsecured by and equity in the debtors' primary residence).

In this instance, the value of Appellants' house was $145,024.00, based upon a real estate appraiser's market analysis report (filed with the Motion).  The amount Appellants owed on their first mortgage was $187,716.00.   Thus, there was no equity securing the second mortgage held by Green Tree Servicing, LLC, in the alleged amount of $33,426.00.  This met the text-book definition of a wholly undersecured lien which

could be removed by a Motion to Determine Secured Status pursuant to 11 U.S.C. §506 and §1322(b).

Appellants intended to utilize this treatment of the second mortgage, and their proposed Chapter 13 Plan and Amended Chapter 13 Plan clearly listed the interest of Green Tree Servicing, LLC, as being treated under this lien removal of 11 U.S.C. §506. The procedural practice followed in the United States Bankruptcy Court for the District of Colorado is to list the intended treatment in the Plan, as it was here, and to also file a separate Motion under 11 U.S.C. §506.  The intent was clearly listed, thus the second mortgage holder was on notice that Appellants had filed or would be filing a Motion corresponding with the Plan.   The second mortgage holder did not object to the Plan (nor to the Motion filed after the Plan was confirmed).

On August 16, 2012, the Bankruptcy Court confirmed the Plan.   On September 29, 2012, the Appellants filed the Motion to Determine Secured Status.   On November 13, 2012, the Bankruptcy Court denied the Motion to Determine Secured Status, citing 11 U.S.C. §506 as requiring that the valuation "be made 'in conjunction with any hearing . . . on a plan affecting such creditor's interest.'" (Docket #69).   With respect, the Bankruptcy court did not fully quote that sentence of the statute, and the omitted portion fundamentally changes the meaning of the statute.    11 U.S.C. §506 states, in pertinent part, "…Such value shall be determined light of the purpose of the valuation  and of the proposed disposition or use of such property, and ***in conjunction with <u>any</u> hearing on such disposition or use <u>or</u> on a plan*** affecting such creditor's interest."  (emphasis added).  By omitting the conjunction "or", the Bankruptcy Court misinterpreted the statute to require that the hearing be only on the Plan, which it clearly does not.

4

There is likewise no requirement under the Bankruptcy Rules that the hearing be the *confirmation* hearing.   Fed. R. Bank. P. 3012 states "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after ***a hearing on notice*** to the holder of the secured claim and any other entity as the court may direct."  (emphasis added). By the plain language of the statute, section 506 does not require that the Motion be heard at the time of the *confirmation* hearing, but rather that there be *a (any) hearing* on such disposition of property requested.  Neither the statute nor the Rule provide a time limit, nor do they require that the application of §506 end at the confirmation hearing.

As was so succinctly stated by the United States Bankruptcy Court for the Northern District of Illinois,   "A motion for valuation of a security can be made at any time, as there are no time limits for doing so set in § 506(a) or Rule 3012," *In re Adams,* 270 B.R. 263 (N.D. Ill. 2001) at 269, citing  *See In re Lewis*, 875 F.2d 53 (3rd Cir. App. 1989).   Notably, in the 3rd Circuit case of *In re Lewis*, the Motion to determine value under §506 was filed seven months after confirmation of the Chapter 13 Plan, yet that court found the Motion was not untimely, noting that nothing in the statute nor the rules gives a requirement that the Motion be filed prior to confirmation.  citing  *See In re Lewis*, 875 F.2d 53 at 57.

In this case, the Motion filed on September 29, 2012, allowed for a hearing, as provided in the L.B.R. 9103 Notice filed therewith.   Thus, it met the requirement under Section 506 and Rule  by providing the opportunity for a hearing on the proposed disposition of the claim.   Notice was provided, and the lienholder made no objection.

The Bankruptcy Court also cited the cases of *In re Omey*, Case No. 10-25271 ABC (Bankr. D. Colo. 2011), and *In Re Rutt*, 457 B.R. 97 (Bankr. D. Colo. 2010), both cases also by Judge Campbell, as requiring the denial of the Motion to Determine Secured Status filed Post-Confirmation.   However, both of those cases were fundamentally different from the present case.   In both *Omey* and *Rutt,* the Debtors were attempting to strip second mortgages based upon depreciation of value which occurred post-confirmation and were attempting to reclassify claims from the treatment originally set forth in their plans based on the post-confirmation depreciation.   This is impermissible. But this is not what Appellants were doing.  Appellants' Motion did not attempt to alter the classification of a claim set out in the confirmed plan, nor was the Motion based upon post-confirmation depreciation. The claim was already classified as a lien removal under §506 in the confirmed plan, and the Motion was based upon pre-petition valuation of the property.   Appellants met the requirements of 11 U.S.C. §506 and  §1322.

      B.   <u>The Bankruptcy Court erred in determining the Debtors could not remove the wholly undersecured second mortgage because the boilerplate Plan language stated the Motion to do so had been filed already.</u>

The Bankruptcy Court's Order denying Appellants' Motion to Determine Secured Status also suggests that the Motion was denied because of language in the confirmed plan which stated that the Motion had already been filed.   While counsel can find no other cases citing to this factual reason, the application is not consistent with the purpose of the statute and rule as discussed above.

The confirmed plan section which listed the intent that the claim of Green Tree Servicing, LLC, be stripped under 11 U.S.C. §506 appears as follows:

> **Secured claims subject to 11 U.S.C. § 506 (Real Property): Real Property:** In accordance with FED. R. BANKR. P. 3012, 7004 and L.B.R. 3012-1, the debtor has filed and served a separate motion for valuation of collateral and determination of secured status under 11 U.S.C. § 506 as to the *real* property and claims listed on page 1 of this plan and below. The debtor is requesting an order that the value of the collateral is zero ($0) and the creditor's claim is unsecured. The plan is subject to the court's order on the debtor's motion. If the court grants the debtor's motion, the creditor will have an unsecured claim in either the amount of the debt as listed in the debtor's schedules or any allowed proof of claim filed by the creditor (whichever is greater). The creditors listed on page 1 and below shall retain the liens securing their claims *until discharge under 11 U.S.C. § 1328 or payment in full.*
> [page 4 of Appellants' Amended Plan, docket #55]

The Bankruptcy Court, in its order denying the Motion under §506, points to the fact that this boilerplate language, appearing directly above the table which clearly lists Green Tree Servicing and the address of the property, precludes lien stripping because it states the Debtors have already filed a separate motion instead of stating that they will be filing a separate motion. However, Appellants assert that, if anything, this language simply acts to put the creditor on further notice that if they object to such treatment in the Plan, they need to file an objection. (Indeed, while not the current practice in the District of Colorado, an older Colorado case has held that a separate Motion and hearing are not required but service of the proposed Chapter 13 Plan showing the intent to remove the lien under §506 is in itself notice enough, and that confirmation of a Plan can be sufficient to strip the lien. *In re Holmes*, 225 B.R. 789 (Bankr. D. Colo. 1998)).

Appellants assert that regardless of the boilerplate stating the motion had been filed, the Plan itself clearly put the creditor on notice that their lien would be subject to a Motion under §506, and that Appellants properly made such a Motion, and that nothing within the Rules nor within the Statute prohibit the filing of the Motion post-confirmation. The subsequently filed Motion in no way conflicted with the Plan's

classification and treatment of the claim.  Rather, it gave the creditor an additional

opportunity to object to the removal of the lien under §506, which the creditor again did

not do.


**CONCLUSION**

For all of the foregoing reasons, Appellants respectfully request this Court to

overturn the ruling of the Bankruptcy Court and direct the Bankruptcy Court to enter an

order removing the lien of the wholly undersecured second mortgage held by Green Tree

Servicing, LLC (and/or its successors and assignees) pursuant to 11 U.S.C. §506 and

§1322(b), or for other such relief as this Court deems appropriate.

RESPECTFULLY SUBMITTED this 16th day of April, 2013.


*/s/ Amy D. Desai*
Amy D. Desai
Colo. Atty. Reg. No. 30112
Attorney for the Debtor(s)
Bankruptcy Law Professionals
4610 S. Ulster Street, Suite 150
Denver, CO  80237
(720) 493-9733
(720) 493-7688 facsimile

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

(Bankr. Case No. 12-11499 ABC)

**AP No.  13-CV-00436 JLK**

In re:
**AIRIC BRAD MCPHERSON**
**RHONDA RENE MCPHERSON**
Appellants,

**v.**

**GREEN TREE SERVICING LLC**
Appellee.

## CERTIFICATE OF SERVICE
_____

Undersigned hereby certifies she mailed the foregoing Appellants' Opening Brief to the following, on April 16, 2013:

GREEN TREE SERVICING LLC
THE CORPORATION COMPANY
1675 Broadway Ste 1200
Denver, CO 80202

Green Tree Servicing, LLC
Bankruptcy Department
P.O. Box 6154
Rapid City SD 57709-6154

Green Tree Servicing, LLC
332 Minnesota St Ste E610
Saint Paul MN 55101-1311

Douglas B. Kiel
4725 S. Monaco St., Suite 120
Denver CO 80237

United States Trustee
999 18th Street, Suite 1551
Denver, CO 80202

*/s/ Amy D. Desai*
Amy D. Desai